IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for the Certificate Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2004-14, <br><br> Plaintiff, <br><br> v. <br><br> RONALD SMITH a/k/a RONALD E. SMITH, HOLISHOR ASSOCIATION, INC., COUNTRYWIDE HOME LOANS, INC. f/k/a AMERICA'S WHOLESALE LENDER, CITIBANK, N.A. f/k/a CITIBANK (SOUTH DAKOTA), N.A., UNITED STATES OF AMERICA, STATE OF ILLINOIS, UNKNOWN OWNERS-TENANTS, and NON-RECORD CLAIMANTS <br><br> Defendants. | No.  3:12-cv-679-DRH-DGW |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is plaintiff The Bank of New York Mellon's ("BNY Mellon") motion for summary judgment pursuant to FED. R. CIV. PRO. 56 against

defendant the United States of America ("USA").  The USA is a party in this foreclosure action due to its two recorded tax liens on the subject property.  In support, BNY Mellon offers an affidavit of Brenda Swinton ("Swinton"), Assistant Vice President, Bank of America ("BANA"), and the servicer of the subject loan (Doc. 26-2).  The USA has filed a motion to strike Swinton's affidavit, arguing that BNY Mellon did not properly disclose Swinton as a supporting witness and that therefore Swinton's statements do not meet the requirements of Rule 56 (Doc. 28).

Summary judgment is proper where the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(A); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  However, under Fed. R. Civ. P. 56(d), if the nonmovant can show that it cannot present facts essential to justify its opposition, the Court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party to provide to the other party any individual likely to have discoverable information.  Here, BNY Mellon failed to disclose Swinton as required by Fed. R. Civ. P. 26(a)(1)(A)(i) and then relies on her affidavit in support of its summary judgment motion.

Accordingly, The Bank of New York Mellon's motion for summary judgment is **DENIED without prejudice** (Doc. 26).  The United States of America's motion to strike affidavit of Brenda Swinton is **GRANTED** (Doc. 28).  Discovery is hereby

reopened in this case to allow the USA to depose Swinton. The parties will notify the Court of its progress regarding Swinton's deposition on or by November 25, 2013.

**IT IS SO ORDERED.**

Signed this 25th day of September, 2013.

Digitally signed by David R. Herndon
Date: 2013.09.25 12:03:01 -05'00'

**Chief Judge
United States District Court**