UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-14,<br><br>                  Plaintiff,<br><br>  -vs-<br><br>RONALD SMITH A/K/A RONALD E. SMITH, HOLISHOR ASSOCIATION, INC., COUNTRYWIDE HOME LOANS, INC. F/K/A AMERICA'S WHOLESALE LENDER, CITIBANK, N.A. F/K/A CITIBANK (SOUTH DAKOTA), N.A., UNITED STATES OF AMERICA, STATE OF ILLINOIS, UNKNOWN OWNERS-TENANTS AND NON-RECORD CLAIMANTS,<br><br>                  Defendants. | Civil No. 12-CV-679-DRH-DGW |

**JUDGMENT OF FORECLOSURE AND SALE**

     This matter, coming to be heard upon Plaintiff's Motion for Judgment of Foreclosure, the Court, having examined the file and record, including all pleadings, exhibits, affidavits, and matters of record in this cause, and being fully advised in the premises, FINDS THAT:

**1. Jurisdiction.** This Court has subject matter jurisdiction and jurisdiction over the parties to this lawsuit. Each defendant herein has been duly and properly served with process and all copies of applicable legal notices, and all other requirements for personal jurisdiction have been met.

**2.**

**3. Promissory Note.** On December 2, 2004, RONALD SMITH a/k/a RONALD E. SMITH, made, executed, and delivered a promissory note ("Note") to Mortgage Electronic Registration Systems, Inc., as nominee for America`s Wholesale Lender, in the amount of $83,200.00.

**4.**

**5. Mortgage.** On December 2, 2004, RONALD SMITH a/k/a RONALD E. SMITH made, executed, and delivered a mortgage ("Mortgage") securing the aforementioned Note by a lien on the fee simple interest on the following described real estate in Madison County (hereinafter referred to as the "Mortgages Premises"):

    **LEGAL DESCRIPTION:** PARCEL 1:

LOT B1419 IN HOLIDAY SHORES SUBDIVISION NO 8 AS RECORDED IN PLAT BOOK 36 PAGE 49 OF THE RECORDERS OFFICE OF MADISON COUNTY ILLINOIS EXCEPT COAL GAS AND OTHER MINERAL RIGHTS CONVEYED EXCEPTED OR RESERVED IN PRIOR CONVEYANCES

PARCEL 2:

PART OF LOT C1403 HOLIDAY SHORES SUBDIVISION NO 8 MORO TOWNSHIP MADISON COUNTY ILLINOIS AS SHOWN ON THE PLAT THEREOF RECORDED IN PLAT BOOK 36 PAGE 49 IN THE RECORDERS OFFICE IN MADISON COUNTY ILLINOIS AND DESCRIBED AS FOLLOWS: BEGINNING AT THE SOUTHEASTERLY CORNER OF LOT B1419 HOLIDAY SHORES SUBDIVISION NO 8 SAID POINT BEING THE NORTH EASTERLY CORNER OF AN EXCEPTION TO LOT C1403 AS RECORDED IN BOOK 3583 PAGE 072 IN THE RECORDS OF THE RECORDERS OFFICE, MADISON COUNTY, ILLINOIS. THENCE IN A WESTERLY DIRECTION, AND ALONG THE SOUTHERLY LINE OF LOT B1419 FOR A DISTANCE OF 80 FEET TO THE SOUTHWESTERLY CORNER OF LOT B1419 THENCE DEFLECTING TO THE LEFT WITH AN ANGLE OF 90 DEGREES AND ALONG THE SOUTHERLY EXTENSION OF THE WESTERLY LINE OF LOT B 1419 FOR A DISTANCE OF 44.75 FEET TO A POINT; THENCE DEFLECTING TO THE LEFT WITH AN ANGLE OF 90 DEGREES AND PARALLEL WITH THE SOUTHERLY LINE OF LOT B1419 FOR A DISTANCE OF 168 FEET MORE OR LESS TO THE WATERS EDGE, FULL LAKE M.S.L. ELEVATION 505; THENCE IN A NORTHEASTERLY DIRECTION AND ALONG THE WATERS EDGE TO A DISTANCE OF 30 FEET MORE OR LESS, TO THE SOUTHERLY LINE OF THE ABOVE DESCRIBED EXCEPTION; THENCE IN WESTERLY DIRECTION AND ALONG THE SOUTHERLY LINE OF THE ABOVE DESCRIBED EXCEPTION FOR A DISTANCE OF 106 FEET MORE OR LESS TO THE SOUTHWESTERLY CORNER OF THE ABOVE DESCRIBED EXCEPTION; THENCE DEFLECTING TO THE RIGHT WITH AN ANGLE OF 90 DEGREES AND ALONG THE WESTERLY LINE OF THE ABOVE DESCRIBED EXCEPTION FOR A DISTANCE OF 24.75 FEET TO THE POINT OF BEGINNING.

EXCEPT COAL GAS AND OTHER MINERAL RIGHTS EXCEPTED OR RESERVED IN PRIOR CONVEYANCES.

SITUATED IN THE COUNTY OF MADISON, STATE OF ILLINOIS.

**COMMONLY KNOWN AS:** 1419 Biscay Drive, Edwardsville, IL 62025

**PERMANENT INDEX NO.:** 16-2-03-25-04-402-006

**6. Holder and Owner of the Obligations.** The Mortgage being foreclosed in this matter is a valid obligation of RONALD SMITH a/k/a RONALD E. SMITH, and the Note secured by the Mortgage being foreclosed in this matter is a valid obligation of RONALD SMITH a/k/a RONALD E. SMITH. The Plaintiff is, and was at the time of filing of the Plaintiff's Complaint for Foreclosure of Mortgage ("Complaint"), the legal holder and owner of the Note secured by the Mortgage being foreclosed in this matter. Since the

time this action commenced, Plaintiff had and continues to have standing to bring this matter and is entitled to foreclose the Mortgage pursuant to the Illinois Mortgage Foreclosure Law and the terms of both the Mortgage and Note.

**7. Existence of Default on Obligation.** RONALD SMITH a/k/a RONALD E. SMITH, have defaulted on the Note by failing to pay all sums due thereunder. Plaintiff has properly declared all indebtedness secured by the Mortgage immediately due and payable.

**8. Compliance with Rules and Notice.** Sufficient time having passed since all Defendants were served, Plaintiff is therefore authorized to proceed with the hearing and the entry of this Judgment. Due notice of the presentation of this Judgment has been provided to all parties entitled to same.

**9. Default Judgment.** The defendants, HOLISHOR ASSOCIATION, INC., CITIBANK, N.A. F/K/A CITIBANK (SOUTH DAKOTA), N.A, STATE OF ILLINOIS, have failed to appear and/or plead to the allegations contained in Plaintiff's Complaint within the time required by law and this Court finds them to be in default. Evidence of every allegation contained in the Complaint, as well as those allegations deemed and construed to have been pled as set forth in 735 ILCS 1504(c), are deemed true and proven. These allegations have been taken as confessed by and against all of the above mentioned defendants. Defendants, UNITED STATES OF AMERICA and COUNTRYWIDE HOME LOANS, INC. F/K/A AMERICA`S WHOLESALE LENDER, have appeared and there are no genuine issues of material fact precluding judgment for the Plaintiff.

**10. Lien Priority**. The Mortgage was duly recorded in the Office of the Recorder of Deeds of Madison County, Illinois on December 7, 2004 as Document No. 2004R71911 and is a valid, prior, and paramount lien upon the fee simple interest in the Mortgaged Premises, and the rights of each and all defendants in this cause is subject and subordinate to the lien of the Plaintiff's mortgage foreclosed herein.

(a) The UNITED STATES OF AMERICA has valid and subsisting lien in the amount of $56,679.20, plus interest and penalties and less any payments of credits made since the assessment, junior to the lien(s) of the Plaintiff.

**11. Amount Due, Costs, and Judgment Amount.** There remains an unpaid principal balance of $79,203.46, with interest and advances due thereon from June 1, 2009, the date of default.

(a) As a result of RONALD SMITH, breach, and pursuant to the terms of the Mortgage and Note, and the Illinois Mortgage Foreclosure Law, Plaintiff has retained Illinois attorneys to file this foreclose action and Plaintiff is entitled to recover reasonable attorneys' fees, costs, expenses, and advances incurred in connection with same.

(b) Interest accrues under the Mortgage and Note at the rate of $18.1191 per day and the following sum is due to Plaintiff pursuant to the terms of the Mortgage and Note:

| | | |
|---|---|---|
| Principal, Accrued Interest, Late Fees, and Advances due to and made by Plaintiff as of 9/6/2013: | $ | 122,698.11 |
| Per Diem Interest from 9/7/2013 through Judgment, accruing at $18.1191: | $ | 5,254.54 |
| Costs of Suit: | $ | 843.00 |
| Attorneys' Fees: Incurred by Plaintiff | $ | 6,732.50 |
| **TOTAL DUE TO PLAINTIFF:** | $ | 135,528.15 |

(c) The attorneys' fees, costs, expenses, and advances incurred in connection with this foreclosure are reasonable in nature and amount.

**12. Reinstatement and Redemption.** The last of the mortgagors was served by summons or publication or has otherwise submitted to the jurisdiction of this Court on April 22, 2011 ("Baseline Service Date"").

(a) Reinstatement - The statutory right to reinstate, pursuant to Section 15-1602 of the Illinois Code of Civil Procedure (735 ILCS 5/15-1602), did expire on July 22, 2012.

(b) Nature of Property - The Mortgaged Premises is residential real estate pursuant to section 5/15-1219 of the Illinois Code of Civil Procedure.  735 ILCS 5/15-1219.

(c) Owners of Redemption - Defendants, RONALD SMITH is/are the present owner(s) of the right of redemption as defined by 735 ILCS 5/15-1212 and has/have the statutory right of redemption in and to the Mortgaged Premises, which **SHALL EXPIRE** 3 months from the date of this judgment as specified in Section 5/15-1603 of the Illinois Code of Civil Procedure (735 ILCS 5/15-1603), unless shortened by separate order of the Court, and shall not be revived once expired.

(a) United States of America's Right to Redeem - The United States of America shall have the right to redeem one year from the date of the sale, unless the interest of the United States of America arises from an Internal Revenue Service lien, in which case the United States shall have 120 days from the date of sale to redeem.  28 U.S.C.A. §2410(c).

**AND THE COURT HEREBY ORDERS:**

**13. Further Fees and Costs.** Plaintiff may incur additional costs and advances, including but not limited to: reasonable attorneys' fees, costs, expenses, advances, and costs of the public sale ("Post-Judgment Fees, Costs, and Advances").  Defendant(s) RONALD SMITH is/are obligated to pay the Post Judgment Fees, Costs, and Advances and said sums shall be added to the indebtedness due to Plaintiff.

14. **Sale of Mortgaged Premises.**  That in the event no redemption is made within the time provided by statute, the Mortgages Premises, or so much thereof as may be sufficient to realize the amount due Plaintiff, shall be sold at public sale without any representations as to title and without recourse to Plaintiff by open bid to the highest and best bidder by ***The Judicial Sales Corporation*** ("Appointed Selling Officer") at the place designated by the Appointed Selling Officer, and the Appointed Selling Officer is appointed to execute this Judgment.

15. **Notice of Sale by Publication**.  The plaintiff or appointed selling officer shall give public notice of the sale and shall include the information pursuant to and required by 735 ILCS 5/15-1507 of the Illinois Code of Civil Procedure.  The notice of sale shall be published at least 3 consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sale, the last such notice to be published not less than 7 days prior to the sale, by: (i) (a) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and (b) separate advertisements in the section of such a newspaper, which may be the same newspaper, in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public.  The separate advertisements in the real estate section need not include a legal description. Where both advertisements may be published in the same newspaper and that newspaper does not have separate legal notices and real estate advertisement sections, a single advertisement with the legal description shall be sufficient; and; (ii) such other publications as may be further ordered by the court.

16. **Notice of Sale by Mail**.  The Plaintiff or Appointed Selling Officer shall also give notice of the sale to all parties to the action who have appeared and have not been found by the Court to be in default.  Notice shall be given in the manner provided in the applicable rules of Court for service of papers other than process of complaint, not more than forty-five (45) days nor less than seven (7) days prior to the day of sale.  After notice is given in accordance with Section 5/15-1507 Code of Civil Procedure of Illinois, (735 ILCS 5/15-1507), a copy of which shall be filed in the Office of the Clerk of this Court, together with a certificate of service or other proof that the notice has been served.

17. **Sale**.  The Appointed Selling Officer may, in its discretion, adjourn the sale and continue the sale from time to time upon providing additional notice as required by section 5/15-1507 of the Code of Civil Procedure of Illinois. (735 ILCC 5/15-1603).

18. **Certificate of Sale and Assignability**.  The Appointed Selling Officer shall, on such sale being made, give and record a Certificate of Sale to said purchaser upon full payment of the bid amount, which Certificate shall be freely assignable.

19. **Distribution of Sale**.  The Appointed Selling Officer shall, out of the proceeds of such sale, make a distribution in the following order of priority: the reasonable expenses of sale; the reasonable expenses of securing possession of the real estate before sale, holding, maintaining and preparing the real estate for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance,

management fees and to the extent provided for in the mortgage or other recorded agreement, reasonable attorneys' fees, payments made pursuant to Section 5/15-1505 of the Code of Civil Procedure of Illinois, (735 ILCS 5/15-1505), and other legal costs and expenses incurred by the mortgagee; satisfaction of claims in the order of priority adjudicated in this Judgment of Foreclosure and Sale or the order confirming the sale; and any surplus proceeds to the mortgager, or as otherwise directed by the Court.

**20. Distribution Made to Junior Parties.** Except for Plaintiff, any other party claiming an interest in the premises or proceeds of the judicial sale of the mortgaged real estate is deferred in proving its priority until the hearing to confirm the sale.

**21. Report of Sale and Approval of Sale**. The Appointed Selling Officer shall promptly make a report of sale to the Court. Upon motion and notice by the Plaintiff, the Court shall conduct a hearing and confirm the sale. Upon confirmation of the sale the Appointed Selling Officer shall execute and deliver a deed to the holder of the Certificate of Sale.

**22. Setoff and Deficiency**. That in the event the Plaintiff, or any of the parties to this cause, purchase the Mortgaged Premises at sale, the Plaintiff may offset the amounts due under the Judgment of Foreclosure and Sale plus all Post-Judgment Fees, Costs, and Advances against the bid sale price of the Mortgaged Property. In the event that the proceeds of sale are not sufficient to pay the total amount due to Plaintiff and there remains a deficiency in the amount due pursuant to the Judgment of Foreclosure and Sale, the Plaintiff shall be entitled to a deficiency judgment. Plaintiff shall be entitled to an *in rem* lien prior and superior to the rights of all defendants hereto and all those who subsequently acquire any right, title, claim, or interest in the Mortgaged Premises and may be entitled to an *in personam* deficiency against RONALD SMITH.

A determination as to an *in personam* judgment against RONALD SMITH, is deferred by this Court until Plaintiff's presentment of the motion for order confirming sale, at which time Plaintiff may present a motion for entry of an order granting an *in personam* deficiency against RONALD SMITH, and in favor of Plaintiff, provided that defendant(s) has/have not previously received a discharge in bankruptcy.

**23. Special Right of Redemption**. Pursuant to 735 ILCS 5/15-1603, upon sale of the real estate to the Plaintiff-mortgagee, or any mortgagee who was a party to the case, or its nominee, for a sale price less than the amount specified in Section 5/15-1603(d) of the Code of Civil Procedure of Illinois, an owner of redemption shall have a special right to redeem for a period ending thirty (30) days after the date of sale is confirmed by paying to the mortgagee the sale price plus interest and all additional costs and expenses incurred by the mortgagee as set forth in the report of sale and confirmed by the Court.

**24. Surplus**. In the event that the proceeds of sale are sufficient to pay the total amount due to Plaintiff and there exists a surplus in excess of the amount due to Plaintiff or its assignee, the surplus will be held by the Clerk of the Circuit Court until a party obtains a court order for its distribution or until, in the absence of such an order,

the surplus is forfeited to the state. 735 ILCS 5/15-1512. If there is a surplus, the Appointed Selling Officer or an individual designated by the Appointed Selling Officer must send written notice to all parties of the a surplus.

**25. Possession.** Subject to the rights of bona fide tenants pursuant to and only as defined by The Protecting Tenants at Foreclosure Act of 2009, Plaintiff, or the holder of the Certificate of Sale, shall be entitled to possession of the Mortgaged Premises thirty (30) days from the date the sale is confirmed by the Court against only those defendants whose interests this Court has terminated, without notice or any further Court order, unless a prior request for possession is made pursuant to Section 5/15-1701 of the Illinois Code of Civil Procedure. 735 ILCS 5/15-1701. Nothing herein shall prohibit, limit, or abrogate the Plaintiff or holder of the Certificate of Sale's right to possession as specified by 735 ILCS 5/15-1701.

**26. Original Documents as Exhibits.** Leave is granted to Plaintiff to withdraw any original evidentiary exhibits. True and correct copies of the Mortgage, Note, and Affidavits have entered into the record and no further copies need be filed.

**27. Retained Jurisdiction.** The Court expressly retains jurisdiction of the property which is the subject of this foreclosure for so long as may be necessary for the purpose of placing in possession of the premises the holder of the Certificate of Sale or the grantee or grantees in the Appointed Selling Officer's Deed, or his or their legal representatives or assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises, or satisfy any deficiency which may be found due to the Plaintiff.

**IT IS SO ORDERED.**
Signed this 25th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.25 10:45:18 -05'00'

**Chief Judge**
**United States District Court**